IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRANKLIN L. WILLIAMS,<br>    Petitioner, | § § § | |
| VS. | § | Civil Action No. 4:10-CV-957-Y |
| REBECCA TAMEZ, Warden,<br>FCI-Fort Worth,<br>    Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Franklin L. Williams, Reg. No. 12952-021, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

## C. Procedural History

Petitioner was convicted in the Southern District of Georgia after a jury trial of two counts of distribution of cocaine base. *United States v. Williams*, CM/ECF, Criminal Docket for Case # 5:06-CR-014-WTM-JEG-1. He is serving a 292-month term of imprisonment for each count. Petitioner appealed his convictions, but the Eleventh Circuit affirmed the district court's judgment on January 10. 2008. *United States v. Williams*, 262 Fed. Appx. 165, 2008 WL 94758 (11th Cir. 2008). Petitioner filed a motion to vacate, set aside or correct his sentences under 28 U.S.C. § 2255 in the convicting court, which was denied on August 19, 2009. *United States v. Williams*, CM/ECF, Criminal Docket for Case # 5:06-CR-014-WTM-JEG-1. Petitioner filed a second § 2255 motion in the convicting court on December 21, 2009, which was dismissed as successive on August 10, 2010. *Id.* Petitioner filed this petition in the convicting court on October 21, 2010, and that court transferred the action to this court on December 17, 2010.

## D. Issues

Petitioner's grounds for relief are multifarious and essentially indecipherable. Thus, the claims are construed, generally, as follows:

(1) He was denied his right to file a motion for new trial, his right to appeal, and his right to file a § 2255 motion;

(2) He was denied access to the courts;

(3) He was denied his right to confront witnesses;

(4) He was denied his right to a continuance; and

(5) He was denied a psychiatric examination and was medicated during trial.

(Pet. at 3 & Supp. at 4; Pet'r Reply at 2)

2

E. Discussion

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A petition for writ of habeas corpus pursuant to § 2241 is not a substitute for a motion under § 2255. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Section 2255 provides that a prisoner may file a writ of habeas corpus only if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first motion for postconviction relief, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.); *Pack*, 218 F.3d at 452.

Petitioner has not demonstrated that he is "actually innocent" of the drug offenses for which he was convicted, or his enhanced sentences, based on a retroactively applicable Supreme Court decision nor has he demonstrated that his claims were foreclosed by Eleventh Circuit law at the time when the claims were or should have been raised in his trial, appeal, and/or first § 2255 motion. Having had adequate and effective opportunities to assert the instant claims earlier, whether he did so or not, petitioner may not proceed to do so under this court's § 2241 jurisdiction. Petitioner cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year

statute of limitations or the restriction on filing second or successive motions to vacate. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack*, 218 F.3d at 453 (citing *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective).

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 30, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 30, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March _10_, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

5